**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Allen, a married man,<br><br>      Plaintiff,<br><br>vs.<br><br>Horace Mann Educators Corporation, a Delaware corporation; Horace Mann Life Insurance Company, an Illinois corporation; Horace Mann Property & Casualty Insurance Company, a California corporation, et al.,<br><br>      Defendants. | No. CV09-0381-PHX-NVW<br><br>**ORDER** |

      Before the Court is Defendants' Motion to Dismiss, or, in the Alternative, to Transfer Venue. [Doc. # 6]. An evidentiary hearing was held regarding this motion on June 24, 2009, at which time Defendants were ordered to submit further sworn evidence regarding the forum selection clause at issue. Defendants' investigation brought new evidence to light which was submitted to the Court, and Plaintiff Allen has responded to that evidence. [Doc. ## 30, 32.] Defendants also requested sanctions on the basis of the new evidence. [Doc. # 30.] Defendants' Motion to Transfer will be granted because venue is improper in this case, and the request for sanctions will be denied.

      Defendants moved to dismiss or transfer on the grounds that Allen had signed an Exclusive Agent Agreement ("the Agreement") with Defendant Horace Mann Educators

1  Corporation. The agreement provided that any actions brought by Allen arising out of or
2  related to the Agreement "shall be brought in a state or federal court having jurisdiction
3  located in Springfield, Illinois." Federal law governs the validity of a forum selection clause,
4  which is *prima facie* valid and not to be set aside absent a showing that it is unreasonable or
5  otherwise invalid under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S.
6  1, 10 (1972); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991).
7  In this case, the clause will be enforced; Allen has failed in his attempt to show that his
8  consent to this clause was obtained by unfair coercion. *See Argueta v. Banco Mexicano,*
9  *S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (listing "undue influence" and "overweening
10  bargaining power" as grounds to set aside forum selection clause).

11  Before the evidentiary hearing, Allen argued that the Defendants had unfairly
12  deprived him of the opportunity to have a lawyer review this contract, and so his consent to
13  the venue provision was not validly obtained. Both sides offered conflicting testimony as
14  to whether Allen received such an opportunity or not. Allen claimed that he never received
15  a complete copy of the contract until the day before he flew across the country to attend
16  Defendants' training program, where participants were required to sign the contract on a
17  take-it-or-leave-it basis with no opportunity for review by counsel. Michelle Titus, an
18  employee of Horace Mann Services Corporation, testified that she had provided Allen with
19  a copy of the contract weeks before he finally signed it.

20  After the hearing, Defendants discovered new evidence: an early version of the
21  agreement that Allen had signed on December 5, 2008, a month before he left for the training
22  program. Although this signed agreement differed from the final version of the agreement
23  in some respects, it contained the same forum selection clause that appears in the final
24  version. The existence of this signed copy belies Allen's earlier testimony regarding
25  coercion. This first signature does not prove Allen's consent to the subsequent agreement
26  as a whole, but it shows that he was willing to agree to the forum selection clause regardless
27  of the opportunity to consult his lawyer. His final consent to this clause was validly
28  obtained.       The newfound signature shows that neither of the witnesses who testified at the

evidentiary hearing was wholly credible. Both Allen himself and Michelle Titus failed to recall in their live testimony that Allen had signed the agreement on December 5, 2009. Allen continues to insist that he received no opportunity "to review the complete Agreement" until January 3, 2009. He claims that he might have signed the agreement on December 5 without having reviewed the rest of the agreement. Allen's demonstrated lack of credibility in light of the December 5 signature renders these contentions unworthy of belief, and the Court does not believe them. Even if Allen did sign the signature page without reviewing the rest of the agreement, that fact would not support Allen's position. The December 5 signature shows that Allen did not intend—and was therefore not unfairly deprived of the opportunity—to condition his assent to the forum selection clause upon a consultation with counsel.

To avoid unnecessary delay in further processing this case, the Court finds that it is in the interest of justice to transfer it to the Central District of Illinois pursuant to 28 U.S.C. § 1406. The filing of the suit in this district worked no abuse of judicial procedure.

Defendants' request for sanctions against Allen as a matter of this Court's inherent powers will be denied. The factual inconsistencies in Allen's live testimony and affidavits are consistent with a failure of memory and do not support a finding of bad faith on the part of Allen.

IT IS THEREFORE ORDERED that Defendants' Motion to Transfer this action to the Central District of Illinois [doc. # 6] is granted. Defendants' Motion to Dismiss is denied. The Clerk shall transfer this action to the Central District of Illinois.

IT IS FURTHER ORDERED THAT Defendants' request for sanctions [doc. # 30] is denied.

DATED this 24th day of August, 2009.

_____
Neil V. Wake
United States District Judge